## J. J. Sankstone v. Louise Moody.

### Gen. No. 13,319.

LANDLORD AND TENANT—*when five days' notice not served as provided by statute.* Held, *that the service of a five days' notice upon a person not the tenant, nor one even temporarily residing upon the premises involved in the notice, is not sufficient.*

Forcible entry and detainer. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed October 18, 1907.

F. C. STRUCKMEYER, for appellant.

CHENEY & EVANS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action of forcible entry and detainer appealed to the Circuit Court from the judgment of a justice of the peace. The premises involved are described as the first apartment of an apartment building at 2207 West Van Buren street, Chicago.

The only question to be determined is whether the five-day notice to appellant provided for by the statute was served as therein required. The statute provides that "any demand may be made or notice served by delivering a written or printed or partly written and printed copy thereof to the tenant or by leaving the same with some person above the age of twelve years residing on or being in possession of said premises." In the present case the notice was handed to a man who lived in the basement of the building and did work for the various tenants and others, who it is contended was neither residing on nor in possession of the premises. The service as sworn to on the back of the notice is to the effect that the affiant "served the within notice by delivering a copy thereof" to the tenant "by leaving the same with Mr. Isaac Mercer, a person above the age of twelve years residing on or being in charge of the premises, by posting the same on

the premises, no person being in actual possession thereof."
The affiant was a witness at the trial and testified that he
rang the bell and knocked at the door; that no one answered
and he went around to the first porch in the rear; that Mer-
cer, "an elderly gentleman," came out, who in response to
questions said he was not Mr. Sankstone, that Mrs. Sank-
stone had gone to the grocery, that no one of the family was
at home, and in reply to the question, "Anybody got charge
or possession?" answered, "Why, I take care of the build-
ing." The notice was then given Mercer and he was told
to deliver it to Sankstone. The witness says he promised to
do so. On cross-examination the witness stated that Mercer
"must have been in the rear part of the building. I don't
know where he was." It appears that Mercer, a man of over
sixty-six years of age, lived in the basement of the apartment
building and went out to work doing odd jobs for persons in
the building and elsewhere, bringing up coal, carrying out
ashes, washing dishes, cleaning the kitchen floors, not work-
ing exclusively for appellant nor apparently for any of the
tenants. He testifies that he does not remember service of
any notice and that he did not have charge or possession of
the appellant's flat on or about the time when the notice is
alleged to have been served. There is no evidence tending
to show that he did. He was clearly not residing on the
premises occupied by appellant as a tenant and described in
the lease and notice in question. It does not appear what
he was doing there at the time, nor that he was in posses-
sion of the leased premises in any sense. It is urged that
appellee's evidence standing alone would support the verdict
in her favor, and that the verdict must be regarded as de-
cisive of any conflict in the evidence. But appellee's evi-
dence does not, we think, support the verdict. Possession of
real property is defined to be "that possession or relation
which one occupies with respect to a particular piece of land
which gives to him its use and control and excludes all oth-
ers from a like use or control." Ft. Dearborn Lodge v.
Klein, 115 Ill., 177–183. It is said in that case that "one
may be in occupancy of land as a mere squatter without any

pretense of claim, when in contemplation of law even the possession is in another." In the present case it does not appear that Mercer was even in temporary occupancy of the premises in controversy. It was said in Baragiano v. Villani, 117 Ill. App., 372–375, in a forcible entry and detainer case that "the word 'possession' does not include a person or persons who merely happen to be on the premises at the time of service of the notice, as for instance a lodger or one temporarily there." The service of notice was insufficient to sustain the verdict and judgment. The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*